IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MAYUR DEEPAK PATIL and FURORMEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>10PM CURFEW LLC,<br><br>Defendants. | Civil Action No.: 10:23-cv-_____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Mayur Deepak Patil and FurorMedia, LLC, for their Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 Complaint against Defendant 10PM Curfew LLC, state and allege as follows:

**NATURE OF THE ACTION**

In April 2021, Defendant 10PM Curfew LLC ("10PM Curfew") engaged Plaintiff Mayur Deepak Patil ("Patil") and his company FurorMedia, LLC ("FurorMedia") at a fee of $3,000 per month to prepare short videos that 10PM Curfew attempted to publish and monetize on social media sites such as Snapchat. Patil submitted such pilot episodes to 10PM Curfew for submission to Snapchat, including a pilot for a new channel called "Beauty ASMR." 10PM Curfew, however, rejected Patil's "Beauty ASMR" pilot video, and elected not to submit the pilot to Snapchat. Patil later pitched a similar idea to Snapchat on his own with a different video, and through his own contacts, but using the same name "Beauty ASMR." Snapchat approved Patil's new "Beauty ASMR" pilot for publication, which ended up being very successful.

Defendant 10PM ended the relationship with FurorMedia in March 2022. However, on January 20, 2023, apparently upon learning that Patil had successfully launched the

1

channel/show "Beauty ASMR" and other channels on Snapchat, 10PM Curfew's attorney sent a letter to Patil and FurorMedia claiming ownership of Patil's work and threatening litigation. See Exhibit 1. Since the first letter threatening litigation, counsel for 10PM Curfew has sent two additional letters, attached as Exhibits 2 and 3. In this correspondence and in a conversation with counsel for Patil and FurorMedia, counsel for 10PM Curfew has expressly threatened to sue Patil and FurorMedia for theft of trade secrets, breach of fiduciary duties, theft of corporate opportunities, tortious interference with contracts and business opportunities, violations of the Digital Millennium Copyright Act, unjust enrichment, fraud, conspiracy and for engaging in a "pattern and practice of behavior" that violates the Racketeer Influenced and Corrupt Organization Act ("RICO").

    10PM Curfew's allegations and threats of litigation are baseless, unfounded and absurd. The parties had no agreement governing their relationship or how rejected media created by Patil would be handled. As an independent contractor, Patil and FurorMedia owned any and all content he created, and he was free to create, market and profit from content he created, especially ideas rejected by 10PM Curfew such as the idea for a "Beauty ASMR" channel on Snapchat. 10PM Curfew has not and cannot identify any protectible intellectual property in marketing ideas for channels to Snapchat or having "channels" on Snapchat dedicated to specific content. Nevertheless, 10PM has threatened litigation and demanded that Patil turn over all of his Snapchat channels, all revenue from the channels, his car and even his watch.

    Accordingly, Plaintiffs Patil and FurorMedia have a reasonable apprehension of litigation from 10PM Curfew and seek a declaration from this Court that they are not liable for the legal claims alleged by 10PM Curfew.

## ALLEGATIONS COMMON TO ALL COUNTS

### PARTIES

1. Plaintiff Mayur Deepak Patil ("Patil") was an Indiana resident residing at 1225 W. State St., Unit # C-136, West Lafayette, Indiana 47906 when first engaged by Defendant 10PM Curfew LLC to provide media preparation services. Patil is currently a resident of the State of Washington.

2. Plaintiff FurorMedia LLC ("FurorMedia") is a Tennessee Limited Liability Company with a registered address of 9390 Grove View Cove, Germantown, Tennessee 38139 and is solely owned by Patil.

3. Defendant 10PM Curfew LLC ("10PM Curfew") is a California Limited Liability Company with a registered business address of 1120 Commerce Drive, Suite 139, Atwater, California 95301.

### JURISDICTION & VENUE

4. A substantial, immediate and real controversy exists between the parties warranting the issuance of a declaratory judgment. Defendant 10PM Curfew has threatened a lawsuit and taken other action to disparage Plaintiffs and harm their ability to compete in the marketplace.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 2201 and 1331 because claims asserted by Defendant 10PM Curfew against Plaintiffs arise under the laws of the United States, namely theft of trade secrets (Defend Trade Secrets Act, 18 U.S.C. § 1836), violation of the takedown notice provisions of the Digital Millennium Copyright Act, 15 U.S.C. § 512 and a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968. This Court has supplemental jurisdiction over additional

state law claims under 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as the alleged federal claims.

6.    This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and the amount in controversy. All parties are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant 10PM Curfew has alleged that its damages exceed $25 million. See Exhibit 1 at 3.

7.    Venue is proper in this district pursuant to 28 U.S.C.§ 1391(b)(2) because a substantial part of the events or omissions giving rise to 10PM Curfew's alleged legal claims occurred in this district, namely, Plaintiff Patil residence in this district at the time he began performing work for 10PM Curfew and 10PM Curfew's purposeful direction of its activities to engage Patil in this judicial district.

## BACKGROUND

8.    Plaintiff Patil is highly talented at curating and growing viewership of social media accounts, which generates advertising dollars. Patil locates existing videos and viral content across all social media platforms including Instagram, TikTok and Twitter. Then, after obtaining the rights to use any videos or content, Patil repackages the content into engaging episodes that are distributed on social media platforms such as Snapchat and YouTube, who desire such content to provide to their online users which can then generate advertising dollars. When Patil's channels publish episodes on social media platforms, Patil is compensated based on the number of views and engagement driven by the social media platform's users.

9.    Patil created FurorMedia LLC on January 28, 2020 as the corporate entity under which he would work in social media and provide his expertise in managing, growing and acquiring social media channels.

10. In April 2021, Defendant 10PM Curfew contacted Patil about managing and growing 10PM Curfew's social media presence. 10PM Curfew is engaged in the business of social media and advertising.

11. On information and belief, 10PM Curfew has no employees and no office facility, and operates solely through the creative and marketing efforts of owners Razvan Romanescu, Darren Lopes and independent contractors such as Patil hired on an as needed basis.

12. 10PM Curfew engaged Patil through his company FurorMedia to discover social media content and assist with the packaging and distribution of videos for 10PM Curfew to online social media platforms such as Snapchat, and agreed to pay FurorMedia $3,000 per month for these services.

13. Patil, through his company FurorMedia, was engaged as an independent contractor, allowing Patil and/or FurorMedia to pursue other social media related opportunities and work while engaged by 10PM Curfew. However, despite originally engaging Patil and FurorMedia as an independent contractor, 10PM Curfew began making increasing demands on Patil's time, including threatening Patil for accepting employment with Expedia because they feared it would interfere with his work for 10PM Curfew.

14. At the time that the parties reached agreement on the services that Patil and FurorMedia would provide and the compensation to be provided, Patil was a resident of West Lafayette, Indiana in this judicial district.

15. The parties also discussed providing to Patil an ownership interest in 10PM Curfew but no agreement was reached on this issue.

16. 10PM Curfew paid FurorMedia $3,000 per month from April 2021 to March 2022, with the exception of December 2021 when FurorMedia was paid $8,000, amounting to a

total of $38,000 paid to FurorMedia for services to 10PM Curfew, including packaging content and helping with marketing and growth efforts.

17. At all times while engaged by 10PM Curfew, Patil and FurorMedia openly performed other work and pursued other opportunities unrelated to 10PM Curfew and with the knowledge of 10PM Curfew.

18. Patil repeatedly requested that 10PM Curfew enter a written agreement with FurorMedia to define the scope and terms of the work being performed by Patil. 10PM Curfew refused, and told Patil to "Stop asking lol."

19. Accordingly, the parties had no written agreement that governed the relationship of the parties.

20. The parties had no written agreement requiring that any information, material, ideas, relationships, contacts or channels of commerce be kept confidential.

21. The parties had no written agreement defining who owned material and content created by Patil and FurorMedia.

22. The parties had no written agreement concerning how social media content would be handled or owned if it was submitted to 10PM Curfew and rejected for marketing.

23. In approximately August 2021, Patil submitted to Darren Lopes a video "pilot" for a proposed Snapchat "channel" titled "BeautyASMR-pilot," which included videos of skincare procedures and grooming. At that same time, 10PM Curfew had already submitted a proposed video to Snapchat titled "Beauty Central" with similar content to its contact at Snapchat, Patrick Connolly.

24. Mr. Connolly at Snapchat rejected 10PM Curfew's "Beauty Central" video. After the rejection, 10PM Curfew elected not to submit the "BeautyASMR-pilot" video to Snapchat because the content was similar to the rejected "Beauty Central" video.

25. Since 10PM Curfew had rejected the "BeautyASMR-pilot" video and failed to submit the pilot to Snapchat, Patil attempted to market a different video but with the same concept on his own and through his own contact at Snapchat. Patil was successful and Snapchat enabled the channel to go live, leading to further opportunities for similar healthcare related videos.

26. 10PM Curfew terminated their relationship with Patil and FurorMedia in March 2023 and stopped paying FurorMedia $3,000 each month.

27. After termination, the parties reached no agreement on how to handle any work or content that had been created by Patil at the request of or on behalf of 10PM Curfew.

28. After termination, 10PM Curfew made no request for the return or destruction of any information or material alleged to be confidential.

29. During the entire relationship of the parties, 10PM Curfew never designated or even suggested that any information they provided to Plaintiffs was confidential or needed to be treated as confidential.

30. During the entire relationship of the parties, 10PM Curfew never demanded, suggested or implied that the parties were in any type of confidential or fiduciary relationship.

31. During the entire relationship of the parties, 10PM Curfew never suggested nor proposed that the parties had entered any type of relationship other than an arm's length independent contractor relationship.

32. During the entire relationship of the parties, 10PM Curfew treated Patil and FurorMedia as an independent contractor, including paying FurorMedia without deducting social security or other taxes.

33. During the entire relationship of the parties, Patil and FurorMedia operated as independent contractors, including Patil setting his own hours, working without supervision or record of the time worked, using his own equipment and computers and incurring work related expenses without reimbursement.

34. On information and belief, sometime after 10PM Curfew terminated their relationship with Patil and FurorMedia, 10PM Curfew learned that Patil and FurorMedia had successfully launched over twenty-five Snapchat channels in diverse markets including beauty, food and sports, leading to 10PM threatening litigation and attempting to usurp Patil and FurorMedia's business opportunities.

35. Accordingly, to bring finality to the parties' prior relationship and end 10PM Curfew's ongoing threats and harassment, Plaintiffs are entitled to a declaratory judgment that 10PM Curfew has no valid legal claims that they are not liable for the legal claims alleged by 10PM Curfew, as specifically set forth below.

36. Plaintiffs Patil and FurorMedia have been damaged by Defendant 10PM Curfew's allegations and threats of litigation because of the uncertainty and disruption caused to Plaintiff's ongoing business opportunities and relationships.

### COUNT I - DECLARATORY JUDGMENT UNDER THE FEDERAL DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836

37. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

38. Defendant alleges that Plaintiffs have misappropriated Defendant's alleged trade secrets, and have threatened litigation based on this allegation.

39. Plaintiffs and Defendant had no agreement to keep any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information confidential.

40. Defendant 10PM Curfew took no steps to keep any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information confidential.

41. Plaintiffs Patil and FurorMedia have not used or misappropriated any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information from 10PM Curfew.

42. Defendant 10PM Curfew has not and cannot identify any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information that would qualify as a legitimate and protectible trade secret under federal law.

43. Defendant 10PM has not been damaged by any alleged use or misappropriation of any alleged trade secret by Plaintiffs Patil and FurorMedia.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not violated the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, in relation to any conduct or activities concerning or related to Defendant 10PM Curfew.

### COUNT II  - DECLARATORY JUDGMENT UNDER THE INDIANA UNIFORM TRADE SECRETS ACT, IND. CODE 24-2-3-1

44. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

45. Defendant alleges that Plaintiffs have misappropriated Defendant's alleged trade secrets, and have threatened litigation based on this allegation.

46. Plaintiffs and Defendant had no agreement to keep any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information confidential.

47. Defendant 10PM Curfew took no steps to keep any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information confidential.

48. Plaintiffs Patil and FurorMedia have not used or misappropriated any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information from 10PM Curfew.

49. Defendant 10PM Curfew has not and cannot identify any information, idea, material, documents, disclosures, business contacts, channels of commerce, business opportunities, methods of doing business or any other information that would qualify as a legitimate and protectible trade secret under Indiana state law.

50. Defendant 10PM has not been damaged by any alleged use or misappropriation of any alleged trade secret by Plaintiffs Patil and FurorMedia.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not violated the Indiana Uniform Trade Secrets Act, Ind. Code 24-2-3-1, in relation to any conduct or activities concerning or related to Defendant 10PM Curfew.

## COUNT III – DECLARATORY JUDGMENT
## BREACH OF FIDUCIARY DUTY

51. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

52. Defendant alleges that Plaintiffs have breached a fiduciary duty to Defendant, and have threatened litigation based on this allegation.

53. Plaintiffs Patil and FurorMedia were not fiduciaries of Defendant 10PM Curfew and had no fiduciary obligation to 10PM Curfew.

54. Plaintiffs Patil and FurorMedia were, at all times, in an arm's length independent contractor relationship with Defendant 10PM Curfew.

55. Plaintiffs Patil and FurorMedia breached no fiduciary duty to Defendant 10PM Curfew.

56. Defendant 10PM Curfew suffered no damage as the result of any breach of fiduciary duty by Plaintiffs Patil and FurorMedia.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not breached any fiduciary duty to Defendant 10PM Curfew.

## COUNT IV – DECLARATORY JUDGMENT
## UNJUST ENRICHMENT

57. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

58. Defendant alleges that plaintiffs have been unjustly enriched, and threaten litigation based on this allegation.

59. Other than monthly payments as agreed, Defendant 10PM Curfew has provided nothing of value to Plaintiffs Patil and FurorMedia.

60. Other than monthly payments as agreed, Plaintiffs have not benefitted from anything provided by Defendant 10PM Curfew.

61. It would not be inequitable for Plaintiffs to retain anything allegedly provided by Defendant without compensation to Defendant.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not been unjustly enriched in any way in connection with or related to their relationship with Defendant 10PM Curfew.

### COUNT V – DECLARATORY JUDGMENT
### CONSPIRACY

62. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

63. Defendant alleges that Plaintiffs have committed a conspiracy, and threaten litigation based on this allegation.

64. Plaintiffs Patil and FurorMedia have not knowingly entered into an agreement with any person or entity to jointly commit any crime in connection with or related to their relationship with Defendant 10PM Curfew.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not committed or engaged in a conspiracy in connection with or related to their relationship with Defendant 10PM Curfew.

### COUNT VI – DECLARATORY JUDGMENT
### FRAUD

65. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

66. Defendant alleges that Plaintiffs have committed fraud, and threaten litigation based on this allegation.

67. Plaintiffs Patil and FurorMedia have not misrepresented any material fact to Defendant 10PM Curfew that they knew to be false.

68. Plaintiffs Patil and FurorMedia have not represented any fact to Defendant 10PM Curfew that they knew to be false with the intent that Defendant rely on the fact.

69. Defendant 10PM Curfew has not reasonably relied on any false statement or misrepresentation of Plaintiffs Patil and FurorMedia.

70. Defendant 10PM had no right to rely on any representation of Plaintiffs Patil and FurorMedia.

71. Defendant 10PM Curfew has not been damaged by any false statement or misrepresentation made by Plaintiffs Patil and FurorMedia.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not committed fraud in connection with or related to their relationship with Defendant 10PM Curfew.

## COUNT VII – DECLARATORY JUDGMENT
## DIGITAL MILLENNIUM COPYRIGHT ACT, 15 U.S.C. § 512

72. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

73. Defendant alleges that Plaintiffs have violated the Digital Millennium Copyright Act, 15 U.S.C. § 512, by submitting false takedown notices to internet service providers.

74. Plaintiffs Patil and FurorMedia have not knowingly submitted any false, material information to any internet service provider or internet related company that any information or posting was infringing the rights of any party.

75. Defendant 10PM Curfew has not been damaged by any contact Patil and FurorMedia have had with any internet service provider or internet related company.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not committed a violation of the takedown notice provisions of the Digital Millennium Copyright Act in connection with or related to their relationship with Defendant 10PM Curfew.

## COUNT VIII – DECLARATORY JUDGMENT
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO")

76. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

77. Defendant alleges that Plaintiffs have violated the Racketeer Influenced and Corrupt Organization Act ("RICO") engaging in a "pattern and practice of behavior" that violates the Act, but without further detail or elaboration.

78. Plaintiffs have not engaged in any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter or dealing in a controlled substance or listed chemical (as defined in Section 102 of the Controlled Substances Act) ("racketeering activity") in connection with their relationship to Defendant 10PM Curfew, or otherwise.

79. Plaintiffs have not engaged in a pattern of racketeering activity, have received no income from racketeering activity and have no interest or control of any enterprise engaged in racketeering activity.

ACCORDINGLY, Plaintiffs are entitled to a declaratory judgment that they have not committed a violation of the Racketeer Influenced and Corrupt Organizations Act in connection with or related to their relationship with Defendant 10PM Curfew.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ANY MATTERS SO TRIABLE.**

Date:  **February 13, 2023**          */s/*Anthony E. Dowell
Anthony E. Dowell, #24041-79
DOWELL COMMERCIAL LITIGATION
6745 Gray Road, Suite H
Indianapolis, IN  46237
Phone: (765) 250-9942
aedowell@dowellcomlit.com

**ATTORNEY FOR PLAINTIFFS
MAYUR DEEPAK PATIL AND
FURORMEDIA, LLC**